UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| BRIAN ALLEN,<br><br>Plaintiff,<br><br>vs.<br><br>WBM, LLC, SOHAIL AMJUM, individually, and NAFEES ANJUM, individually,<br><br>Defendants. | Civil Action No.:<br><br>**COMPLAINT**<br><br>**Jury Trial Demanded** |

Plaintiff BRIAN ALLEN ("Allen" or "Plaintiff") by and through his attorneys, upon personal knowledge as to himself and upon information and belief as to other matters, brings this Complaint against Defendants, WBM, LLC, SOHAIL ANJUM, individually, and NAFEES ANJUM, individually, (collectively "WBM") and alleges as follows:

## INTRODUCTION

1. Plaintiff brings this lawsuit seeking recovery against Defendants for Defendants' violation of 29 U.S.C. §201 et. seq., the Fair Labor Standards Act, as amended ("FLSA"), the New Jersey State Wage and Hour Law, N.J.S.A. 34:11-56a et seq. ("NJWHL"), N.J.S.A. 34:11-4.1, et seq., the New Jersey Wage Payment Law ("NJWPL"), and for breach of contract.

2. Beginning in approximately November 2016, and continuing until June 30 2019, Defendants engaged in a policy and practice of requiring Plaintiff to regularly work in excess of forty (40) hours per week, without providing overtime compensation as required by applicable federal and New Jersey state law.

3. Defendants misclassified Plaintiff as exempt, refused to pay him overtime, and did not pay

1

the proper withholding taxes.

4. Beginning in approximately July 2019, and continuing to date, Defendants have refused to report the amounts due in commissions to Plaintiff, as well as refusing to pay any commissions due to Plaintiff.

5. The Plaintiff has initiated this action to recover the overtime compensation, and commissions due that he was deprived of, wages, liquidated damages, attorneys' fees, and costs.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and by 29 U.S.C. § 216(b).

7. This Court has subject matter jurisdiction over Plaintiff's NJWHL and NJWPL claims pursuant to 28 U.S.C. §§ 1332 and 1367.

8. Venue is proper in the District of New Jersey pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

9. At all times material hereto, Plaintiff performed non-exempt sales duties for the Defendants based from Defendants' office located in Flemington, Hunterdon County, New Jersey. Defendants are therefore within the jurisdiction and venue of this Court.

10. At all times pertinent to this Complaint, the corporate Defendant was and remains an enterprise engaged in interstate commerce or in the production of interstate goods for commerce as defined by the Act, 29 U.S.C. §§ 203(r) and 203(s). More specifically, Defendants own, operate, and/or manage a food company, which manufactures, exports, and imports specialty foods throughout the United States. Alternatively, Plaintiff worked, and

continues to work in interstate commerce, i.e., mainly, Plaintiff sells Defendants' products to Defendants' clients located throughout the country. Thus, Plaintiff and those similarly situated employees fall within the protections of the Act.

## PARTIES

**Plaintiff**

11. Plaintiff Brian Allen is an adult individual who is currently a resident of Buffalo, New York.

12. Beginning in 2016, and continuing to date, Plaintiff Allen was and is employed by Defendants full time as a sales associate, whose duties include, but are not limited to, obtaining new business, fulfilling new orders, and maintaining a business relationship with new and existing clients on behalf of Defendants.

**Corporate Defendants**

13. WBM is a New Jersey limited liability company, with its main business address listed as 54 Highway 23, Flemington, NJ 08822.

14. Upon information and belief, at all times relevant to this Complaint, the Defendants employ individuals to perform labor and services on behalf of Defendants.

**Individual Defendants**

15. Upon information and belief, the individual Defendants are New Jersey state residents.

16. Upon information and belief, at all times relevant to this Complaint, the individual Defendants have been owners, partners, officers and/or managers of the Defendant WBM.

17. Upon information and belief, at all times relevant to this Complaint, the individual Defendants have had power over personnel decisions at the Defendant WBM's business.

18. The individual Defendants were regularly present at Defendants' Flemington office and

managed the day to day operations, controlled the employee pay practices, and had the power to change same, as well as the power to hire and fire employees, set their wages, and otherwise control the terms of their employment.

19. Upon information and belief, at all times relevant to this Complaint, the Defendants' annual gross volume of sales made or business done was not less than $500,000.00.

20. At all times relevant to this Complaint, the Defendants were and are employers engaged in commerce under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.

## FACTS

21. Based upon the information preliminarily available, and subject to discovery, beginning from in or about approximately November 2016, and continuing to date, Defendants employed the Plaintiff to perform tasks in furtherance of their food manufacturing and distribution business, including but not limited to, obtaining new business, fulfilling new orders, and maintaining a business relationship with new and existing clients.

22. From in or about November 2016, until in or about June 30 2019, Defendants did not properly compensate Plaintiff for the overtime hours that he worked in excess of forty (40) in a work week.

23. From in or about July 2019, Defendants did not properly compensate Plaintiff for commissioned that he earned and were due and owing.

24. In or about November 2016, Plaintiff and Defendant entered into a contract, which among other things, delineated the procedure by which, and amounts thereof, that Defendants would pay Plaintiff for sales made on behalf of Defendants.

25. Pursuant to the parties' contract, Plaintiff Allen was generally paid a monthly retainer as well as a draw against commissions, regardless of the number of hours that he worked in a

workweek.

26. Plaintiff Allen routinely worked five (5) days per week.

27. Plaintiff Allen worked between approximately forty (40) to forty-seven (47) hours per workweek.

28. Plaintiff was not paid time and one half for his hours worked over forty (40) in a workweek.

29. Further, from in or about July 2019, to date, Defendants have refused to pay Plaintiff commissions due and owing to Plaintiff.

30. Defendants have engaged in a widespread pattern, policy, and practice of violating the FLSA, the NJWHL, and the NJWPL, as described in this Complaint.

31. At all times material hereto, Plaintiff has been performing his duties for the benefit of and on behalf of Defendants.

32. At all times pertinent to this Complaint, Defendants failed to comply with Title 29 U.S.C. §§ 201-209, as well as applicable provisions of the NJWHL, and the NJWPL, in that Plaintiff performed services and labor for Defendants for which Defendants made no provision to pay Plaintiff compensation to which he was lawfully entitled for his hours worked in excess of forty(40) within a work week, as well as commissions that are due and owing.

**COUNT I**
**RECOVERY OF OVERTIME COMPENSATION**
**PURSUANT TO THE FLSA**

33. Plaintiff re-alleges, and incorporates here by reference, all allegations contained above.

34. Plaintiff is entitled to compensation at the rate of time and one half of his regular rate for each hour in excess of forty (40) in a work week.

35. Defendants knowingly and willfully failed to pay Plaintiff at time and one half of his regular rate of pay for his overtime hours worked.

36. By reason of the said intentional, willful, and unlawful acts of Defendants, Plaintiff has suffered damages plus incurred costs and reasonable attorneys' fees.

37. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

38. As a result of Defendants' willful violations of the Act, Plaintiff is entitled to liquidated damages.

**COUNT II**
**RECOVERY OF OVERTIME COMPENSATION**
**PURSUANT TO THE NJWHL**

39. Plaintiff re-alleges, and incorporates here by reference, all allegations contained in the Paragraphs above.

40. Defendants' aforementioned conduct is in violation of the NJWHL.  In violation of New Jersey Statutes §§ 34:11-56a4 *et seq*., the Defendants willfully failed to pay the Plaintiff his statutorily required overtime compensation for the time he worked in excess of forty (40) hours in a work week.

41. As a direct and proximate cause of Defendants' actions, Plaintiff suffered damages, including but not limited to past lost earnings.

**COUNT III**
**RECOVERY OF COMPENSATION**
**PURSUANT TO THE NJWPL**

42. Plaintiff re-alleges, and incorporates here by reference, all allegations contained in the Paragraphs above.

43. Defendants' aforementioned conduct is in violation of the NJWPL. In violation of the New Jersey Statutes §§ 34:11-4.1, *et seq.,* the Defendants willfully failed to pay Plaintiff his commissions as agreed to by the parties.

44. As a direct and proximate cause of Defendants' actions, Plaintiff suffered damages, including but not limited to past lost earnings.

## COUNT IV
## BREACH OF CONTRACT

45. Plaintiff re-alleges, and incorporates here by reference, all allegations contained in the Paragraphs above.

46. Plaintiff and Defendants entered into a contract regarding Plaintiff's compensation for work performed by Plaintiff on behalf of Defendants.

47. Pursuant to the contract, among other things, Defendants were required to pay Plaintiff commissions for sales made by Plaintiff on behalf of the benefit of Defendants.

48. Defendants refused to pay the contractually obligated commissions to the Plaintiff.

49. As a direct and proximate result of Defendants refusal to pay Plaintiff his commissions, and as a result of Defendants breach of contract, Plaintiff suffered monetary damages.

## JURY TRIAL

50. Plaintiff demands a jury trial.

WHEREFORE, Plaintiff seeks the following relief:

(1) on his first cause of action against Defendants, an amount to be determined at trial, plus liquidated damages as permitted under the FLSA in the amount equal to the amount of unpaid wages,

interest, attorneys' fees and costs.

(2) on his second cause of action against Defendants, an amount to be determined at trial, plus interest, attorneys' fees and costs as permitted under the NJWHL;

(3) on his third cause of action against Defendants, an amount to be determine at trial, plus liquidated damages, interest, attorneys' fees and costs as permitted under the NJWPL;

(4) on his fourth cause of action against Defendants, an amount to be determined at trial.

(5) Any and all other damages available to Plaintiff.

Dated: December 23, 2019            Respectfully submitted,

/s/ Andrew I. Glenn
Andrew I. Glenn, Esquire
Email: Aglenn@jaffeglenn.com New
Jodi J. Jaffe, Esquire
E-mail: Jjaffe@jaffeglenn.com
**JAFFE GLENN LAW GROUP, P.A.**
301 N. Harrison Street, Suite 9F, #306
Princeton, New Jersey 08540
Telephone: (201) 687-9977
Facsimile: (201) 595-0308